UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROXANNE TORRES, individually and on
behalf of all similarly situated individuals,

    Plaintiff,

v.                                          CASE NO:  8:16-cv-1970-T-30MAP

NATURE COAST HOME CARE LLC,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Conditional Class Certification and Discovery (Dkt. 20) and Defendant's Response in Opposition (Dkt. 23). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

## BACKGROUND

On July 5, 2016, Plaintiff Roxanne Torres filed this collective action under the Fair Labor Standards Act ("FLSA") alleging that Defendant Nature Coast Home Care, LLC failed to compensate Torres and others similarly situated for overtime compensation. Nature Coast is a Florida corporation with offices in Hernando, Pasco, and Citrus Counties that provides in-home care services to the elderly who are in need of companionship and assistance with

household tasks. Nature Coast employed Torres as a home health aide during the relevant time.

A home health aide's duties include providing companionship services for individuals who, because of age or infirmity, are unable to care for themselves. Companionship services encompass various tasks, such as taking vital signs, providing wound care and personal hygiene care, administering medication, communicating with medical professionals on the patient's behalf, and providing transportation to appointments. A home health aide's duties also include general domestic services, such as shopping for groceries and other personal items, meal planning, preparing meals, cleaning up after meals, washing clothes, running errands out of the home, assisting with pet care, and performing light housekeeping. Torres alleges that she performed general domestic services more than twenty percent of her total weekly hours.[1] Torres also contends that Nature Coast did not pay her overtime for the hours she worked in excess of forty hours in a workweek.

According to the complaint, Nature Coast subjected its home health aides to a widespread pattern and practice of depriving them of overtime payments in violation of the FLSA despite the fact that they were non-exempt under the applicable Department of Labor

---

[1] The amount of time performing general domestic services is relevant because, before January 1, 2015, a home health aide, like Torres, was exempt from receiving overtime unless more than twenty percent of her weekly hours qualified as domestic service. After January 1, 2015, the labor regulations were amended to the extent that all home health aides became eligible for overtime regardless of the amount of time they spent performing domestic services.

regulations. Torres' motion attaches the Declaration of Lizzette Castro.[2] Nature Coast employed Castro as a home health aide from January 2015, to June 2015, and from January 2016, to March 2016. Like Torres, Castro routinely worked over forty hours in a workweek and was never paid overtime. Castro performed companionship duties and domestic duties. The domestic chores she performed, such as housekeeping, cooking meals, washing clothes, and grocery shopping, typically comprised about fifty percent of her work.

Torres' and Castro's Declarations similarly state that the majority of their contact with Nature Coast was through telephone calls or text messages. They usually communicated with Nature Coast employees, "Connie" and "Andrea," who would offer them available assignments. In order to document their hours, they were required to call an automated number when they arrived at a client's house to "clock in," and when they left the client's house to "clock out."

Torres' motion requests, in relevant part, that the Court conditionally certify an FLSA collective action as follows:

> All current and former home health aides employed by Nature Coast Home Care LLC at any time after July 5, 2013 who were: (1) at any time not paid the FLSA's overtime premium for any hours worked over 40 in a workweek and (2) not exempt from the FLSA's coverage.

(Dkt. 20). Nature Coast opposes the motion.

---

[2] On October 4, 2016, Plaintiff filed Castro's Notice of Consent to Join this action (Dkt. 22).

**DISCUSSION**

Pursuant to the FLSA,

> [a]n action to recover [unpaid minimum wage or overtime compensation] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. §216(b).

The Eleventh Circuit recommends a two-tiered procedure for district courts to determine whether to certify a collective action under §216(b). *See Cameron-Grant v. Maxim Healthcare Sys.*, 347 F.3d 1240, 1242 (11th Cir. 2003) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001)). The first tier, known as the notice stage, is relevant here. "At the notice stage, the district court makes a decision -- usually based only on the pleadings and any affidavits which have been submitted -- whether notice of the action should be given to potential class members." *Id.* at 1243. The Court must determine whether other employees desire to opt-in and whether those employees are similarly situated. *See Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). At this stage, the standard is fairly lenient and typically results in conditional certification of the representative class. *See Hipp*, 252 F.3d at 1218.

The onus is on the plaintiff to demonstrate a reasonable basis for the assertion that other employees desire to opt-in. *See Haynes v. Singer Co., Inc.*, 696 F. 2d 884, 887 (11th


Cir. 1983). Here, Torres has met the light burden to establish a reasonable basis that other employees desire to opt-in this action because Castro filed an opt-in notice and her Declaration makes clear that she wishes to join this action. Notably, as Torres' motion points out, even one opt-in notice can be sufficient to meet the first requirement for conditional certification. *See, e.g., Brooks v. A. Rainaldi Plumbing, Inc.*, No. 6:06-cv-631-Orl-31DAB, 2006 WL 3544737, *2 (M.D. Fla. Dec. 8, 2006). Moreover, Nature Coast does not point to any evidence rebutting Torres' allegations that other home health aides desire to opt-in this lawsuit.

At this early juncture, Torres also demonstrated the similarly-situated element. Torres provided evidence that Nature Coast's allegedly unlawful pay practice of failing to pay its home health aides overtime applied to all home health aides. The record reflects that home health aides similarly clocked in and clocked out by calling an automated telephone number, and that they were always paid for straight time, regardless of the number of hours they worked in a workweek, or, prior to 2015, regardless of the amount of time they spent performing domestic services. The record also reflects that home health aides utilized the same process to receive assignments and performed similar tasks for Nature Coast's clients.

Nature Coast's arguments against conditional certification attack the merits of Torres' claims; these arguments are premature at the notice stage. *See Vondriska v. Premier Mortg. Funding, Inc.,* 564 F. Supp. 2d 1330, 1335 (M.D. Fla. 2007) ("Variations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual

issues that are not considered at the notice stage."); *see also Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1261-62 (11th Cir. 2008) (courts should consider at the second stage "the various defenses available to defendant[s] [that] appear to be individual to each plaintiff."). Accordingly, the Court concludes that certification is appropriate for notice purposes.

Nature Coast objects to certain aspects of Torres' proposed notice. The Court sustains some of these objections. Specifically, the Court agrees that the proposed class is overbroad and does not sufficiently separate the periods of time related to the two claims, i.e., the claims for overtime prior to January 1, 2015, and the claims for overtime after January 1, 2015. Accordingly, the Court approves the following class definition:

> All current and former home health aides employed by Nature Coast Home Care, LLC who were:
>
> (1) employed at <u>any time</u> during the period of time from July 5, 2013, to January 1, 2015, and not paid overtime for any hours worked over 40 hours in a workweek and, in that <u>same</u> week that more than 40 hours were worked, more than 20 percent of the time was spent on general household work; and/or
>
> (2) employed at <u>any time</u> during the period of time from after January 1, 2015, up to and including the present, and not paid overtime for any hours worked over 40 hours in a workweek.

The Court agrees with Nature Coast that the notice should not be titled "Court-Ordered Notice of Your Right to Join a Lawsuit Seeking Unpaid Wages" because it could mislead the average reader to the extent that she would think that she was being ordered to

-6-

do something further. Titling the notice simply as a "Notice of Action Seeking Overtime Compensation," is sufficient.

Nature Coast's objection with respect to the sixty-day opt-in period is overruled. Courts, including this Court, routinely grant opt-in periods that are even greater than sixty days. *See Pittman v. Comfort Sys. USA (Se.), Inc.*, No. 8:12-CV-2142-T-30TGW, 2013 WL 525006, at *2 (M.D. Fla. Feb. 13, 2013) (Moody, J.) (granting a ninety-day opt-in period).

Nature Coast's objection with respect to the three-year limitations period is also overruled. This Court has authorized a three-year period at this stage because any issue of willfulness is better addressed on a motion for decertification. *See Whitaker v. Kablelink Communications, LLC*, No. 8:13-cv-2093-T-30MAP, 2013 WL 5919351, at *4 (M.D. Fla. Nov. 4, 2013) (Moody, J.).

With respect to the discovery Torres seeks from Nature Coast, the Court agrees with Nature Coast that it should provide e-mail addresses only if it has an e-mail address on file. In other words, Nature Coast is under no duty to request an employee's email address at this time. The Court also agrees that Torres' request for the employee's job title is unnecessary because the class is limited to home health aides.

The parties shall attempt to resolve any remaining objections as set forth below.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Conditional Class Certification and Discovery (Dkt. 20) is granted in part and denied in part as stated herein.

2. The Court conditionally certifies a class of all current and former home health aides employed by Nature Coast Home Care, LLC who were:

(1) employed at <u>any time</u> during the period of time from July 5, 2013, to January 1, 2015, and not paid overtime for any hours worked over 40 hours in a workweek and, in that <u>same</u> week that more than 40 hours were worked, more than 20 percent of the time was spent on general household work; and/or

(2) employed at <u>any time</u> during the period of time from after January 1, 2015, up to and including the present, and not paid overtime for any hours worked over 40 hours in a workweek.

3. The parties shall confer with respect to any remaining objections to certain provisions of the notice (to the extent not already addressed by the Court) and file a joint proposed notice within fourteen (14) days of this Order. If the parties are unable to agree on the details of the notice, they shall individually file a proposed notice for the Court's review during that same period of time.

4. Defendant shall provide Plaintiff within fourteen (14) days of this Order the full name, last known mailing address, any last known e-mail address, and dates of employment of each current of former employee who was or remains employed as a "home health aide" during the relevant periods of time.

**DONE** and **ORDERED** in Tampa, Florida on October 7, 2016.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:

Counsel/Parties of Record