**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROXANNE TORRES, individually and on
behalf of all similarly situated individuals,

     Plaintiff,

v.                                        CASE NO:  8:16-cv-1970-T-30MAP

NATURE COAST HOME CARE LLC,

     Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Remedial Class Notice, to Re-Open the Opt-In Period, and for Sanctions (Dkt. 68) and Defendant's Response in Opposition (Dkt. 71).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

On July 5, 2016, Plaintiff Roxanne Torres filed this collective action under the Fair Labor Standards Act ("FLSA") alleging that Defendant Nature Coast Home Care, LLC failed to compensate Torres and others similarly situated for overtime compensation.  On October 27, 2017, the Court conditionally certified a class of "all current and former home health aides" employed by Nature Coast during the relevant time and who were not properly paid overtime compensation (Dkt. 30).

The parties then negotiated an amended conditional class certification that included "certified home health aides, companions, and certified nursing assistants." (Dkts. 46, 47). On May 22, 2017, Nature Coast served Plaintiff with an amended conditional class list identifying 293 current and former employees who met the criteria and opt-in notices were distributed to these individuals. Subsequently, the parties engaged in discovery.

Plaintiff argues in the instant motion that recent discovery produced by Nature Coast reveals that Nature Coast has been engaging in settlement discussions with potential class members without judicial approval. Plaintiff seeks various sanctions against Nature Coast based on this purported behavior. The Court has carefully reviewed the record and concludes that Plaintiff is not entitled to sanctions.

Specifically, Plaintiff raises allegations of improper communications and "illegal" settlements with four potential opt-in plaintiffs: Taquintaey Marks; Patrenia Harris; Rosheka Woods; and Constance Ible. But Nature Coast's response rebuts Plaintiff's allegations. The Court will now discuss the facts with respect to each individual.

**<u>Marks</u>**

Nature Coast states that, prior to Marks filing any opt-in notice in this lawsuit, Marks approached Nature Coast and asked Nature Coast for wages that were past due. At Marks' request, Nature Coast calculated her wages, provided her with an explanation of her wages, and paid her what was owed. Nature Coast disclosed this to Plaintiff in its discovery response. Nature Coast did not require Marks to sign any type of settlement agreement or release. Notably, Marks was included on the amended conditional class list served on

Plaintiff on May 22, 2017, and would have been free to opt-in this action.  The Court concludes that these actions are not sanctionable.

### Harris

The record reflects that Harris also proactively contacted Nature Coast about wages that were past due to her.  She was not included in the initial conditional class list because she was a CNA and the initial list certified only home health aides.  At Harris' request, Nature Coast calculated her gross wages for retroactive overtime and paid them to Harris.  Nature Coast disclosed this in its discovery responses.  Nature Coast included Harris on the amended conditional class list and Harris was free to opt-in this action.  Nature Coast's actions with respect to Harris are also not sanctionable.

### Woods

Woods was employed by Nature Coast as a companion.  According to Nature Coast, Woods was not included in the initial conditional class list because the initial class certified only home health aides.  On or about June 13, 2017, Woods filed her opt-in notice in this case.  Subsequently, she contacted Nature Coast and requested payment of any wages due to her.  According to Nature Coast, it informed Woods that because she had opted-in this lawsuit, Nature Coast could not speak to her about her wage claim.  Plaintiff's allegations about a "cousin" of Woods who purportedly received a payment of $2,000 from Nature Coast in settlement of the "cousin's" overtime claim are triple hearsay and too vague to result in any sanctions against Nature Coast.  The Court cautions Nature Coast, however, that it

should refrain from having any conversations with any potential or current class member about unpaid wages.

### **Ible**

Ible was also employed by Nature Coast as a companion.  Plaintiff's allegations about Ible are highly disputed.  For the Court's purposes, what is relevant is that Ible was included in the amended class list and she has filed a notice to opt-in this action.  There is nothing in the record that shows Ible entered into an "illegal" settlement agreement or that Nature Coast did anything to disrupt or compromise this action.

In sum, the Court concludes that there has been no conduct on the part of Nature Coast to disrupt, taint, or otherwise hinder or dissuade any of the 293 potential opt-in plaintiffs from participating in this class.  The four individuals Plaintiff refers to in the motion were included on the amended conditional class list and were eligible to opt-in during the notice period.  Notably, two of these individuals did opt-in this action.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion for Remedial Class Notice, to Re-Open the Opt-In Period, and for Sanctions (Dkt. 68) is denied.

**DONE** and **ORDERED** in Tampa, Florida on September 29, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

-4-